**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4144**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARQUEL MICHAEL CUNNINGHAM,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:17-cr-00134-FDW-DSC-15)

Submitted:  March 18, 2021                                             Decided:  March 22, 2021

Before WILKINSON and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquel Michael Cunningham pled guilty, pursuant to a plea agreement, to conspiracy to participate in racketeering activity, in violation of 18 U.S.C. §§ 1962(d), 1963(a), and was sentenced to 180 months in prison. On appeal, Cunningham's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues, but suggesting that defense counsel rendered constitutionally deficient performance. Cunningham has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a response brief. We affirm.

Appellate counsel suggests that plea counsel provided constitutionally ineffective assistance by failing to review discovery with Cunningham before allowing Cunningham to plead guilty. Unless the record conclusively establishes that counsel rendered ineffective assistance, however, such claims are not cognizable on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because the record does not conclusively establish that counsel rendered ineffective assistance, we decline to address this claim on direct appeal. Thus, Cunningham's argument is more appropriately raised, if at all, in a 28 U.S.C. § 2255 motion. *See United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020), *cert. denied*, No. 20-256, 2021 WL 78100 (U.S. Jan. 11, 2021). We express no opinion as to the merits of Cunningham's ineffective assistance of counsel claim.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cunningham, in writing, of the right to petition the Supreme

2

Court of the United States for further review.  If Cunningham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Cunningham.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*